Joshua R. Furman, Bar No. 225461
jrf@furmanlawyers.com
JOSHUA R. FURMAN LAW CORPORATION
14724 Ventura Boulevard, Suite 509
Sherman Oaks, California  91403
Telephone:   (818) 646-4300
Facsimile:    (818) 646-4301

*Attorney for Plaintiffs,*
CITIZENS FOR FREE SPEECH, LLC,
MICHAEL SHAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR FREE SPEECH, LLC; MICHAEL SHAW<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>Defendant. | **CASE NO.  3:19-cv-1026**<br>**VERIFIED COMPLAINT FOR**<br>**1. 42 U.S.C. § 1983 [Free Speech]**<br>**2. 42 U.S.C. § 1983 [Due Process]**<br>**3. California Constitution, Art. I, § 2 [Free Speech]**<br>**4. California Constitution, Art. I, §§ 7, 15 [Due Process]**<br>**5. Writ of Administrative Mandamus [Cal. Code. Civ. Proc., § 1094.5]**<br>**6. Writ of Prohibition [Cal. Code Civ. Proc., § 1103]**<br>**AND SEEKING**<br>**7. Declaratory Relief**<br>**8. Temporary, Preliminary, and Permanent Injunction**<br>**DEMAND FOR JURY TRIAL** |

///

Complaint

Plaintiffs CITIZENS FOR FREE SPEECH, LLC and MICHAEL SHAW allege the following:

## PARTIES

1. Plaintiff CITIZENS FOR FREE SPEECH, LLC ("Citizens") is Nevada limited liability company qualified to do business in California and with a primary place of business in Reno, Nevada.

2. Plaintiff MICHAEL SHAW ("Shaw") is an individual residing within the State of California.

3. Defendant COUNTY OF ALAMEDA ("County") is a political subdivision of the State of California, and is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.  It is vested with the supervision of regulations, approval of signs, declarations of nuisance, and orders of abatement of nuisance in the unincorporated territory within its geographic limits.  The County is within this District.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343.  Pendant and supplemental jurisdiction is alleged under 28 U.S.C. § 1367 and F.R.C.P. 18 for Plaintiffs' claims under the California Constitution and for administrative mandamus.

5. Pursuant to Civil L.R. 3-2(c), this case shall be assigned to the San Francisco or the Oakland Division because the action arises in Alameda County. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district, evidence is maintained in this judicial district, the signs erected are in this district, and but for the unlawful regulations and practices of Defendant, Plaintiff would not be subject to monetary fines and deprivation of property.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. At all times relevant hereto, Plaintiff Shaw was the owner of a parcel

of land located at 8555 Dublin Canyon Road within the State (the "Parcel").

7. There is presently on the Parcel an operating self-storage business with individual lockers to accommodate the storage of customers' property as well as open storage for customers' recreational vehicles.

8. Plaintiff Citizens has entered into an agreement with Shaw for the construction and display of signs on the Parcel. Under the terms of the agreement between Citizens and Shaw, each will receive a portion of all proceeds earned from the display of signs on the Parcel.

9. In 2014, Citizens constructed three signs on the Parcel per the agreement with Shaw. Each sign has two faces. The messages on each face of the signs include noncommercial speech, political speech, and both onsite and offsite commercial speech (the "Signs").

10. The Signs were constructed in conformity with all applicable building standards and engineering requirements as promulgated by local governments and the State.

11. Prior to the construction of the Signs, there was, and remains, another sign on the Parcel displaying onsite commercial speech.

12. On June 2, 2014, Citizens and Shaw filed suit against the County, the local government with jurisdiction over the Signs in the U.S. District Court for the Northern District of California. *Citizens For Free Speech v. County of Alameda*, Case No. 3:14-cv-025130, Hon. Charles R. Breyer, Senior District Judge presiding. After Citizens obtained a temporary restraining order and preliminary injunction enjoining enforcement by the County (*Citizens for Free Speech v. County of Alameda*, 62 F. Supp. 3d 1129 (N.D. Cal. 2014)), and the County made several changes to its ordinances governing speech displays in the unincorporated areas of the county, including the Parcel, Citizens and Shaw prevailed in that lawsuit and were awarded nominal damages and attorneys' fees (194 F. Supp. 3d 968 (N.D. Cal. 2016); 2017 U.S. Dist. LEXIS 33322 (N.D. Cal., Mar. 8, 2017)). At no time during

the pendency of this lawsuit did the County seek any affirmative relief or bring a counter-claim for removal of the Signs.

13. After the court granted summary judgment in favor of Citizens and Shaw and entered judgment March 8, 2017, the County issued a Declaration of Public Nuisance – Notice to Abate for the *same Signs* dated September 28, 2017.

14. On October 10, 2017, Citizens and Shaw gave notice of appeal of the Declaration of Public Nuisance – Notice to Abate and paid the appeal filing fee demanded by the County.

15. In the interim, Citizens and Shaw filed a new action to enjoin the County's second attempt to enforce against the same Signs. *Citizens for Free Speech, LLC, et al. v. County of Alameda, et al.*, Case No. 4:18-cv-00834, Judge Sandra Brown Armstrong, Senior District Judge, presiding. That action was dismissed after the Court *sua sponte* applied *Younger* abstention doctrine, held that the enforcement proceeding should not be enjoined under the compulsory counterclaim provisions of Rule 13 because the County's new enforcement proceeding was not an "action," and dismissed the procedural First Amendment objections on the merits as they applied to the then-nascent administrative matter.

16. After several delays, the County conducted a hearing "before the Alameda County East County Board of Zoning Adjustments ascertain whether the [Parcel] is in violation of the Alameda County Zoning Ordinance and a public nuisance, subject to abatement by rehabilitation, repair, removal or demolition of certain signs and structures located there" on November 8, 2018. Citizens and Shaw appeared at the hearing and submitted evidence and testimony. However, the only evidence in support of a finding of nuisance and an order to abate was a staff report provided to Citizens and Shaw on the day of the hearing. Neither the author of the staff report nor the County officials who provided information in the staff report testified or were made available for testimony or cross-examination. The content of the staff report was not authenticated by any witness and the staff report was not

under penalty of perjury.

17. On November 13, 2018, the Alameda County East County Board of Zoning Adjustments, acting in the first instance, issued an abatement order declaring the Signs a nuisance, in violation of the Alameda County Zoning Ordinance, and ordering that the violation be cured within 10 days subject to appeal.

18. The November 13, 2018 Order laid out a multitude of purported requirements for appeal of the Order to the Alameda County Board of Supervisors, including names of appellants, the appellants' "legal interest in the subject property," a requirement that one appellant verify the appeal, and another appellate filing fee.

19. By appeal dated November 21, 2018, Citizens and Shaw complied with every one of the appellate requirements and sought review of the Alameda County East County Board of Zoning Adjustments Order declaring the Signs a nuisance and ordering their removal.

20. On February 5, 2019, the Alameda County Board of Supervisors conducted a hearing on the appeal. No evidence, testimony, or substantive argument was permitted. Citizens and Shaw were relegated to the standard allotment of speaking time during the public comment session of the hearing.

21. By letter dated February 5, 2019, the Assistant Planning Director and Code Enforcement Officer for the County informed Citizens, Shaw, and a third-party buyer[1] that the Board of Supervisors had denied the appeal and upheld the decision of the Alameda County East County Board of Zoning Adjustments. The letter informed the recipients that the Signs had to be removed from the Parcel within 30 days, no later than March 7, 2019. The letter stated that the County would abate the Signs and issue further fines if the Signs were not removed.

---

[1] During the pendency of the appeal, the Parcel was sold. Shaw retained an easement for the Signs. The buyer of the Parcel was not served with any declaration of nuisance or citation concerning the Signs.

22. Persons affiliated with Citizens spoke to County officials at the February 9, 2019 hearing and were informed that the County would promptly seek a warrant to abate the signs from a court and would begin abatement "on the 31st day."

23. By letter dated February 14, 2019, the Assistant Planning Director and Code Enforcement Officer of the County informed Citizens, Shaw, and the third-party buyer that the resolution denying the appeal had been passed by the Board of Supervisors, and attached a copy of the appeal. The letter stated that the order of the Board of Supervisors was final, and that the time to bring "any action appealing the Board of Supervisors' decision and order shall be commenced within thirty (30) calendar days from the date of the decision" citing Alameda County Code.

24. The resolution included with the February 14, 2019 letter stated that the appeal had been denied *and* that the Board had declared the Signs to be a public nuisance.

25. The resolution's recitals stated that the Alameda County East County Board of Zoning Adjustments had issued the actual abatement order.

26. The resolution's recitals stated that the Appellants (meaning Citizens and Shaw) had appeared at the February 5, 2019 hearing and "presented testimony and argument in support of the appeal." This is not true. Appellants were afforded no opportunity to present testimony and argument, but were only provided with an opportunity to speak during the general public comment session. Shaw was cut off by Supervisors during his presentation of evidence and told to be quiet and sit down after approximately three minutes.

27. At the February 5, 2019 hearing, there was no opportunity for Citizens or Shaw to present evidence or cross-examine witnesses. The Board did not consider any constitutional issues or whether the Alameda County Code of Ordinances, or the procedures employed by the County, were invalid. The Board interfered with and denied Citizens' and Shaw's right to present evidence and cross-

examine witnesses. The Board of Supervisors was clearly biased, in no small part due to the messages on the Signs including political messages against initiatives endorsed by the Board of Supervisors such as the Association of Bay Area Governments, and exhibited contempt for and a predisposition against, Citizens and Shaw.

28. The County's conduct stated herein was pursuant to, and in conformity with, the County's policies, practices, and customs—including, but not limited to, as codified in the County's Code of Ordinances and Administrative Code—which direct, foster, promote, and condone the conduct stated herein.

29. The County's conduct stated herein was ratified by the Board of Supervisors; including, but not limited to, at the public hearing on February 5, 2019, and by the Board resolution that issued thereafter.

30. The procedure employed by the County, pursuant to the County's policies, practices, and customs—including, but not limited to, as codified in the County's Code of Ordinances and Administrative Code—does not conform with the procedural and substantive requirements established under California Government Code section 25845.

31. By the foregoing acts, Citizens and Shaw were deprived (or will be deprived unless enjoined) by the County of their constitutional rights as follows:

    a. Their right of notice and meaningful opportunity to be heard by an impartial decision maker;

    b. Their right against impairment of contract;

    c. Their First Amendment Rights to free speech and right to petition;

    d. Their Fifth, Ninth, and Fourteenth Amendment rights to not be denied liberty and property without due process of the law, including their right to carry on a lawful business and a common trade and their right not to be subjected to malicious, arbitrary and capricious use of government authority; and

    e. Their Fourth Amendment right against unreasonable seizure.

  32. Unless enjoined by the Court, the County will infringe on Plaintiffs' constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate Plaintiffs for the ensuing harm.  This threat of injury from continuous violations of free speech and due process rights requires injunctive relief.

  33. There now exists an actual controversy between Plaintiffs and the County as to whether the procedures employed by the County in purported declaring a nuisance on the Parcel and ordering abatement comply with statutory requirements established by the State of California.

  34. There now exists an actual controversy between Plaintiffs and the County as to whether the abatement order issued by the Alameda County East County Board of Zoning Adjustments was within the authority of said Board or whether such order is void for reasons including, but not limited to, the *ultra vires* nature of the order as exceeding the Board's authority under state statute.

  35. There now exists an actual controversy between Plaintiffs and the County as to whether the abatement order issued by the Alameda County East County Board of Zoning Adjustments violated Plaintiffs' Free Speech and Due Process rights and is therefore void.

  36. There now exists an actual controversy between Plaintiffs and the County as to whether the abatement order issued by the Alameda County East County Board of Zoning Adjustments is enforceable, as this action and any enforcement proceeding to obtain authority to enforce the order requires an action in a court of competent jurisdiction and is thus barred because the County failed to bring any claim for affirmative relief, including the relief sought herein, in the initial lawsuit *Citizens For Free Speech v. County of Alameda*, Case No. 3:14-cv-025130, which claim was a compulsory counterclaim therein pursuant to Federal Rule of Civil Procedure 13 and/or California Code of Civil Procedure section 426.30, as

applicable.

37. In addition, there now exists an actual controversy between Plaintiffs and the County as to whether the provisions of the Alameda County Code of Ordinances as applicable to the procedures stated herein (including, but not limited to, §§ 17.59.010–17.59.200), or any portion thereof, complies with state law; including, but not limited to, California Government Code section 25845 and California Code of Civil Procedure sections 1094.5 & 1094.6. Any provision of the Alameda County Code of Ordinances that conflicts with the general laws of the State of California is void (Cal. Const., Art. XI, § 7).

## FIRST CAUSE OF ACTION

## FOR VIOLATION OF RIGHT OF FREE SPEECH

## UNDER THE UNITED STATES CONSTITUTION

38. Plaintiffs incorporate by reference paragraphs 1 through 37 of this Complaint as though set forth herein in their entirety.

39. The conduct of the County as set forth herein subjects Plaintiffs to the deprivation of free speech rights secured by the First Amendment to the United States Constitution, including, but not limited to, the failure to ensure procedural safeguards before denying the right to speak and vesting the County with unfettered discretion to deny the right to speak.

40. The deprivation of Plaintiffs' free speech rights is subject to action pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

## FOR VIOLATION OF RIGHT OF DUE PROCESS

## UNDER THE UNITED STATES CONSTITUTION

41. Plaintiffs incorporate by reference paragraphs 1 through 37 of this Complaint as though set forth herein in their entirety.

42. The conduct of the County as set forth herein subjects Plaintiffs to the deprivation of due process rights secured by the Fourteenth Amendment to the

United States Constitution.

43. The deprivation of Plaintiffs' equal protection rights is subject to action pursuant to 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION
### FOR VIOLATION OF RIGHT OF FREE SPEECH
### UNDER THE CALIFORNIA CONSTITUTION

44. Plaintiffs incorporate by reference paragraphs 1 through 37 of this Complaint as though set forth herein in their entirety.

45. The Act infringes on Plaintiffs' rights of free speech guaranteed by the California Constitution.

46. Pursuant to California Civil Code section 52.1, Plaintiffs are entitled to injunctive relief barring Defendants from infringing on Plaintiffs' right of free speech, and attorneys' fees in bringing this action.

### FOURTH CAUSE OF ACTION
### FOR VIOLATION OF RIGHT OF DUE PROCESS
### UNDER THE CALIFORNIA CONSTITUTION

47. Plaintiffs incorporate by reference paragraphs 1 through 37 of this Complaint as though set forth herein in their entirety.

48. The Act infringes on Plaintiffs' rights of due process guaranteed by the California Constitution.

49. Pursuant to California Civil Code section 52.1, Plaintiffs are entitled to injunctive relief barring Defendants from infringing on Plaintiffs' right of free speech, and attorneys' fees in bringing this action.

### FIFTH CAUSE OF ACTION
### FOR ADMINISTRATIVE MANDAMUS
### (Cal. Code Civ. Proc. § 1094.5)

50. Plaintiffs incorporate by reference paragraphs 1 through 37 of this Complaint as though set forth herein in their entirety.

51. Plaintiffs provided evidence and testimony at the hearing of the Alameda County East County Board of Zoning Adjustments on November 8, 2018. Plaintiffs were not provided the opportunity to examine or cross-examine witnesses.

52. The County provided no evidence at the hearing of the Alameda County East County Board of Zoning Adjustments on November 8, 2018, but relied on a staff report circulated the day of the hearing. The authors of the staff report did not provide testimony at the hearing, the County officials whose accounts were contained in the staff report did not provide testimony at the hearing, none of the contents of the staff report were authenticated or provided on the basis of personal knowledge, and Plaintiffs were deprived of any opportunity to cross-examine any of the persons advocating for the Alameda County East County Board of Zoning Adjustments to declare the Signs a nuisance and issue the abatement order.

53. Plaintiffs have, or shall forthwith, request the administrative record from the County per statute.

54. County counsel present at the hearing advocated both on behalf of the County and advised the Alameda County East County Board of Zoning Adjustments. County counsel informed the Alameda County East County Board of Zoning Adjustments that their decision should be based on limited evidence presented in the staff report.

55. The full Alameda County East County Board of Zoning Adjustments membership was not present at the meeting. County counsel advocated that unpublished "rules" governing the authority of the Alameda County East County Board of Zoning Adjustments allowed for excusal of board members and decisions to be made without a full board.

56. The Alameda County East County Board of Zoning Adjustments' order was arbitrary and capricious because it was not based on the record before the board and because it was not based on established legal principals.

57. The Alameda County East County Board of Zoning Adjustments

1  lacked authority to issue an abatement order under state law.

2      58.    The Alameda County Board of Supervisors heard the "appeal" of the decision of the Alameda County East County Board of Zoning Adjustments, only after Plaintiffs filed for an appeal and paid the applicable fee demanded by the County.

    59.    The Alameda County Board of Supervisors did not conduct an adjudicatory hearing into the purported order of the Alameda County East County Board of Zoning Adjustments, but simply denied the appeal by Plaintiffs.

    60.    The procedures employed by the County throughout the process described herein lack procedural safeguards and provide the County with unfettered discretion to deny speech, thus violating the Free Speech Clause of the First Amendment and California Constitution, Article I, section 2.

    61.    The procedures employed by the County throughout the process described herein lack procedural safeguards and do not provide an adequate opportunity for an adjudicative proceeding, thus violating the Due Process Clause of the Fourteenth Amendment and California Constitution, Article I, sections 7, 15.

    62.    The procedures employed by the County throughout the process described herein violate California Government Code section 25845, and are therefore unauthorized, *ultra vires* acts and void.

    63.    Plaintiffs lack any plain, speedy, and adequate remedy to obtain the County's compliance with the law other than the relief sought herein.  Under California Code of Civil section 1094.5, Plaintiffs are entitled to a writ of administrative mandamus reversing, voiding, or otherwise overturning the order of abatement issued by the County.

## SIXTH CAUSE OF ACTION
## FOR WRIT OF PROHIBITION
## (Cal. Code Civ. Proc. § 1103)

    64.    Plaintiffs incorporate by reference paragraphs 1 through 37 of this

Complaint as though set forth herein in their entirety.

65. The procedures employed by the County, and as codified in the Alameda County Code of Ordinances, violate the procedural requirements set forth in California Government Code section 25845. Under that statute, the Alameda County East County Board of Zoning Adjustments does not have authority to issue an order of abatement.

66. Pursuant to Government Code section 25845, the County has three options for abatement of nuisance. The County may, after a noticed hearing, issue an order of the board of supervisors for abatement (§ 25845, subd. (a)); the County may delegate the board of supervisors' authority to issue such orders to an administrative hearing official appointed pursuant to Government Code section 27720 (§ 25845, subd. (i)); or the County may sue in a court of competent jurisdiction. While the board of supervisors may delegate the conduct of the noticed hearing to a hearing board (which, arguably, may include the Alameda County East County Board of Zoning Adjustments) under section 25845, subdivision (h), the board of supervisors may not delegate the power to issue an order to abate to such hearing board, and must issue any order of abatement itself after receiving the written recommendation of the hearing board (Gov. Code, § 25845, subd. (h)).

67. Contrary to the requirements of the California Government Code, the County's procedures delegate the power to issue an abatement order to the Alameda County East County Board of Zoning Adjustments (Alameda Code, § 17.59.060). Instead of requiring an order from the board of supervisors, the County's procedure calls for enforcement of an abatement order of the Alameda County East County Board of Zoning Adjustments (§ 17.59.080). While the citee may appeal the order of the Alameda County East County Board of Zoning Adjustments to the Board of Supervisors (§ 17.59.090), that impermissibly places the burden on the citee to obtain an order of the Board of Supervisors and mandates "appeal" of an order that is void for want of statutory authority. Under the California Government Code, it

1  is the obligation of the County—not the citee—to obtain an order of the Board of
2  Supervisors before any abatement is authorized.

3        68.    The procedures for abatement in the Alameda County Code of
4  Ordinances violate California Government Code and the Due Process rights of the
5  citee by allowing enforcement of an abatement order of the Alameda County East
6  County Board of Zoning Adjustments, which has no authority to issue such an
7  order.  Any order resulting therefrom is void, and the procedures employed by the
8  County are per se illegal and void under California Constitution, Article XI, section
9  7.

10        69.    Plaintiffs lack any plain, speedy, and adequate remedy to obtain the
11  County's compliance with the law other than the relief sought herein.  Under
12  California Code of Civil section 1103, Plaintiffs are entitled to a writ of prohibition
13  ordering the County not to employ these illegal procedures.

## SEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF

16        70.    Plaintiffs incorporate by reference paragraphs 1 through 69 of this
17  Complaint as though set forth herein in their entirety.

18        71.    There now exists an actual controversy between Plaintiffs and the
19  County as to whether the procedures employed by the County in purported
20  declaring a nuisance on the Parcel and ordering abatement comply with statutory
21  requirements established by the State of California.

22        72.    There now exists an actual controversy between Plaintiffs and the
23  County as to whether the abatement order issued by the Alameda County East
24  County Board of Zoning Adjustments was within the authority of said Board or
25  whether such order is void for reasons including, but not limited to, the ultra vires
26  nature of the order as exceeding the Board's authority under state statute.

27        73.    There now exists an actual controversy between Plaintiffs and the
28  County as to whether the abatement order issued by the Alameda County East

County Board of Zoning Adjustments violated Plaintiffs' Free Speech and Due Process rights and is therefore void.

74. There now exists an actual controversy between Plaintiffs and the County as to whether the abatement order issued by the Alameda County East County Board of Zoning Adjustments is enforceable, as this action and any enforcement proceeding to obtain authority to enforce the order requires an action in a court of competent jurisdiction and is thus barred because the County failed to bring any claim for affirmative relief, including the relief sought herein, in the initial lawsuit *Citizens For Free Speech v. County of Alameda*, Case No. 3:14-cv-025130, which claim was a compulsory counterclaim therein pursuant to Federal Rule of Civil Procedure 13 and/or California Code of Civil Procedure section 426.30, as applicable.

75. In addition, there now exists an actual controversy between Plaintiffs and the County as to whether the provisions of the Alameda County Code of Ordinances as applicable to the procedures stated herein (including, but not limited to, §§ 17.59.010–17.59.200), or any portion thereof, complies with state law; including, but not limited to, California Government Code section 25845 and California Code of Civil Procedure sections 1094.5 & 1094.6. Any provision of the Alameda County Code of Ordinances that conflicts with the general laws of the State of California is void (Cal. Const., Art. XI, § 7).

76. These controversies are subject to the jurisdiction of this Court because it arises out of a federal question, including but not limited to under 42 U.S.C. § 1983, and because the County is subject to the personal jurisdiction of this Court.

77. Wherefore, Plaintiffs are entitled to judicial declarations under 28 U.S.C. § 2201 as requested herein.

## EIGHTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

78. Plaintiffs incorporate by reference paragraphs 1 through 69 of this

Complaint as though set forth herein in their entirety.

79. In light of the foregoing, Plaintiffs will be irreparably harmed if Defendants are not enjoined from enforcing unconstitutional laws against Plaintiffs and preventing them from speaking. Plaintiffs seek temporary, preliminary, and permanent injunctive relief enjoining Defendants from taking any action under the Alameda County Code of Ordinances to prosecute, penalize, prohibit, injure, encumber, limit, or restrict Plaintiffs' speech on the Signs, including the Administrative Matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against Defendant cumulatively and/or alternatively, as appropriate, as follows:

1. For temporary, preliminary, and permanent injunctive relief barring Defendants from any and all conduct to directly or indirectly prosecute, penalize, prohibit, injure, encumber, limit, or restrict Plaintiffs' Signs;

2. For declaratory relief voiding the declaration of nuisance and order to abate issued by the County pertaining to the Signs;

3. For declaratory relief that any action by the County to enforce any order of abatement related to the Signs on the Parcel is barred because the County failed to bring any claim for affirmative relief, including the relief sought herein, in the initial lawsuit *Citizens For Free Speech v. County of Alameda*, Case No. 3:14-cv-025130, which claim was a compulsory counterclaim therein pursuant to Federal Rule of Civil Procedure 13 and/or California Code of Civil Procedure section 426.30, as applicable;

4. For declaratory relief that the provisions of the Alameda County Code of Ordinances as applicable to the procedures stated herein (including, but not limited to, §§ 17.59.010–17.59.200), or any portion thereof, are

|   |   |   |
|---|---|---|
| | | void as in conflict with general laws of the State of California; |
| | 5. | For writ of administrative mandamus reversing, voiding, or otherwise overturning the declaration of nuisance and order of abatement issued by the County; |
| | 6. | For writ of prohibition barring the County from employing its illegal procedure for nuisance abatement in violation of California Government Code section 25845; |
| | 7. | For actual damages according to proof; |
| | 8. | For nominal damages as applicable; |
| | 9. | For reasonable attorneys' fees pursuant to statute(s); |
| | 10. | For prejudgment interest from the date(s) of injury; |
| | 11. | For costs of suit; |
| | 12. | For such other and further relief as the Court deems just, equitable, and proper. |

DATED: February 25, 2019          JOSHUA R. FURMAN LAW CORP.


By:   /s/ Joshua R. Furman
JOSHUA R. FURMAN
*Attorney for Plaintiffs,*
Citizens for Free Speech, LLC &
Michael Shaw

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: February 25, 2019                    JOSHUA R. FURMAN LAW CORP.


By:   */s/ Joshua R. Furman*
JOSHUA R. FURMAN
*Attorney for Plaintiffs,*
Citizens for Free Speech, LLC &
Michael Shaw

**VERIFICATION**

I, Jeffrey Herson, hereby verify as follows.

I am a member of Citizens for Free Speech, LLC and I am duly authorized to execute this verification on behalf of Citizens for Free Speech, LLC.  I have reviewed the within Complaint and can verify that that the facts stated therein are true and correct of my own personal knowledge and are believed to be true and correct on information and belief where so stated.  If called as a witness, I could and would testify to such facts.

I declare under penalty of perjury pursuant to the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 25th day of February 2019.



Jeffrey Herson